UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J.G., individually and on behalf of G.G., a child with disability,

                    *Plaintiff*,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

                    *Defendant.*

**COMPLAINT**

Case No.

---

J.G., individually and on behalf of G.G., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).

2. Plaintiff J.G. and G.G. reside in Bronx County, State of New York.

3. G.G. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

4. J.G. is the parent of G.G. as defined by IDEA, 20 U.S.C. § 1401(23).

5. Defendant, New York City Department of Education, is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the

fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

8. G.G. was born in 2007.

9. G.G. has been classified as a student with speech and language impairment by Defendant's Committee on Special Education.

10. By due process complaint (DPC) to the Defendant dated July 23, 2019, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

11. The matter was assigned case number 185427.

12. Plaintiff's DPC requested, *inter alia,* a finding that Defendant did not provide G.G. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2017-2018 and 2018-2019 school years.

13. As relief, Plaintiff's DPC requested, among other things, that Defendant complete evaluation reports in reading/literacy, speech/language, assistive technology, and psychoeducational functioning, and if unable to provide reports, then order independent evaluations for said areas, properly convene an Individualized Education Program (IEP) to recommend appropriate programming for the 2019-2020 school year, including small-group or

one-to-one reading services, and a researched-based multisensory methodology such as Orton-Gillingham, and the Defendant provide compensatory related services and SETSS services.

14.     The Defendant appointed Rona Feinberg as impartial hearing officer (IHO) on July 24, 2019.

15.     The Defendant did not hold the required resolution meeting withing the statutory fifteen (15) day period.

16.     On September 4, 2019, IHO Feinberg convened a pre-hearing conference for purposes of discussing the issues raised in Plaintiff's DPC, and Defendant's position as to the claims raised in the DPC. Defendant's representative took no position at the pre-hearing conference as to the issue of FAPE or the relief sought, and indicated that she required additional time in order to make a determination as to whether Defendant was presenting a defense at hearing.

17.     On October 21, 2019, IHO Feinberg convened a status conference where the Defendant acknowledge that they would not be presenting a case but sought additional time to determine if settlement was a possibility.

18.     On March 31, 2020, a partial resolution agreement was agreed to and signed by the Defendant, agreeing to an independent neurological evaluation by Dr. Eugene Newman at a rate not to exceed $5,000.

19.     After several status conferences and adjournments, March 2, 2020, April 1, 2020, April 30, 2020, June 29, 2020, August 18, 2020, October 19, 2020, November 17, 2020, IHO Feinberg held a hearing on the merits on January 12, 2021, during which, Defendant made an opening statement, and entered six (6) exhibits into the record. Defendant did not call any witnesses. Plaintiff made an opening statement, and entered fifteen (15) exhibits into the record, and called two witnesses to support the claims and relief specified in Plaintiff's DPC.

20. On February 10, 2021, IHO Feinberg held a second day of hearing on the merits, where the Plaintiff called two more witnesses to support the claims and relief specified in Plaintiff's DPC.

21. Per the IHO's request, on March 15, 2021, Plaintiff's counsel submitted a 17-page closing brief in support of the claims and relief specified in Plaintiff's DPC.

22. Although requested by the IHO, Defendant did not submit a closing brief for the matter.

23. On April 27, 2021, IHO Feinberg issued a Findings of Fact and Decision (FOFD) finding a denial of FAPE by the Defendant and ordering relief, including, funding by Defendant of 500 hours of compensatory academic instruction with Lindamood-Bell at a rate of up to $152 per hour.

24. By due process complaint (DPC) to the Defendant dated November 22, 2021, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

25. The matter was assigned case number 221890.

26. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant did not provide G.G. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2019-2020, 2020-2021, and 2021-2022 school years.

27. As relief, Plaintiff's DPC requested, among other things, that Defendant place G.G. at Winston Preparatory School, pay tuition and related costs for the Winston Preparatory School, provide compensatory instruction through Lindamood-Bell at their customary rate, and conduct a vocational assessment.

28. The Defendant appointed Sharyn Finkelstein as impartial hearing officer (IHO).

29. The Plaintiff amended their DPC on December 13, 2021 after the Defended held a CSE meeting for G.G on December 8, 2021.

30. At no time after the filing of Plaintiff's DPC did Defendant hold a mandated resolution meeting in an attempt to resolve the relief requested in Plaintiff's DPC.

31.     Hearing dates were scheduled on February 15, 2022, March 2, 2022, and substantive hearing dates were held on May 3, 2022 and July 5, 2022.  The Defendant submitted eighteen (18) exhibits and one witness. The Plaintiff submitted thirty-eight (38) exhibits into the record, and offered four witnesses.

32.     Per the IHO's request, on July 22, 2022, Plaintiff's counsel submitted a closing brief in support of the claims and relief specified in Plaintiff's DPC.

33.     As requested by the IHO, Defendant submitted a closing brief on July 22, 2022.

34.     On August 2, 2022, IHO Finkelstein issued a Findings of Fact and Decision (FOFD) finding a denial of FAPE by the Defendant and ordering relief, including, tuition reimbursement for the 2021-2022 school year for placement at Winston Preparatory School, 300 hours of compensatory instruction through Lindamood-Bell, and the Department shall conduct a vocational assessment.

35.     On July 6, 2022, Plaintiff, through her counsel, submitted a demand for attorneys' fees for case No. 185427 to Defendant's Office of Legal Services.

36.     On July 12, 2022, Defendant advised Plaintiff's counsel via email that the fee demand for Case No. 185427 had been received and that attorney Armelle Hillman had been assigned to the fee claim.

37.     As of this Complaint's date, no further communication has been made by Defendant to Plaintiff's counsel for the fee demand in Case No. 185427.

38.     On August 31, 2022, Plaintiff, through her counsel, submitted a demand for attorneys' fees for case No. 221890 to Defendant's Office of Legal Services.

39. On September 6, 2022, Defendant advised Plaintiff's counsel via email that the fee demand for case No. 221890 had been received and that attorney Jeni St. George had been assigned to the fee claim.

40. As of this Complaint's date, no further communication has been made by Defendant to Plaintiff's counsel to the fee demand.

## FIRST CAUSE OF ACTION

41. Plaintiff repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff J.G. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

43. Plaintiff J.G. initiated an impartial hearing on behalf of her son G.G. under case number 185427.

44. Plaintiff J.G. prevailed at the impartial hearing by obtaining a decision and order from IHO Feinberg ordering the relief sought by Plaintiff in her DPC.

45. On July 6, 2022, Plaintiff, through her counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

46. After acknowledging the fee demand and assigning a settlement attorney to the demand, Defendant has failed to engage in any further communication with Plaintiff's counsel regarding the demand as of the date of this Complaint.

47. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by Defendant following any judgment.

## SECOND CAUSE OF ACTION

48. Plaintiff repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff J.G. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

50. Plaintiff J.G. initiated an impartial hearing on behalf of her son G.G. under Case No. 221890.

51. Plaintiff J.G. prevailed at the impartial hearing by obtaining a decision and order from IHO Finkelstein ordering the relief sought by Plaintiff in her DPC.

52. On August 31, 2022, Plaintiff, through her counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

52. After acknowledging the fee demand and assigning a settlement attorney to the demand, Defendant has failed to engage in any further communication with Plaintiff's counsel regarding the demand as of the date of this Complaint.

53. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by Defendant following any judgment.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 185427 pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(3) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 221890 pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(4) Award to the Plaintiff the costs, expenses and attorneys' fees for this action pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(5) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
       February 6, 2023

Respectfully submitted,

_____
CUDDY LAW FIRM, PLLC
Francesca Antorino, Esq.
*Attorneys for Plaintiffs*
5693 South Street Road
Auburn, New York 13021
(315) 370-4020