Model: Web Browsing

**[QUESTION:]** What would be a reasonable hourly rate for an associate attorney with one to three years of experience at a law firm to charge for services that include litigating an Individuals with Disabilities Education Act (20 U.S.C. 1415) due process hearing in New York City?

ChatGPT

There is a range of factors that can influence the hourly rate of an associate attorney in New York City, including:

- The size and prestige of the law firm: Larger, more prestigious firms often have higher rates than smaller, less prestigious firms.
- The complexity of the case: More complex cases may command higher rates.
- The lawyer's specialty: Lawyers who specialize in a certain type of law (such as special education law, in this case) may command higher rates.

As of my knowledge cutoff in September 2021, the hourly rate for an associate attorney with 1-3 years of experience in NYC could range anywhere from $200 to $500 per hour, but this is a broad estimate and rates could vary significantly depending on the factors mentioned above.

To get a more accurate and updated estimate, you might want to consult the most recent version of the "Laffey Matrix," a widely recognized guideline for attorney's fees that's adjusted for inflation annually. The Laffey Matrix, however, provides rates for the Washington D.C. area, and rates in NYC may be somewhat higher. Other resources could include recent surveys of law firm billing rates.

To find this specific information, I can use my browser tool to look up the current rates. Would you like me to do that?

**[QUESTION:]** Yes, please.

ChatGPT
Finished browsing

Here's what I found about the average hourly rates for lawyers as of 2023:

- The rates can vary significantly depending on the type of law firm, the nature of the case, and the location. Some of the top law firms are known to charge over $1,000 per hour for senior associates' time, especially in cases of bankruptcy[1].
- A review in 2023 by a firm called Littler Mendelson was conducted at an agreed-upon hourly partner rate of $855, and an associate rate of $477[2].
- As for the rate increases, the plans for 2023 include higher planned rate increases than have been seen before, with an average rise of about 7% or 8%. One of the reasons for this aggressive increase is to account for inflation, which wasn't adequately covered by the rate increases in the previous two years[3].

From the data available for 2019-2020, we can see that the hourly rates also vary depending on the practice area. For instance, Intellectual Property had the highest law firm rate at $324 per hour, while Workers' Compensation had one of the lowest at $156 per hour. It's important to note that these rates are averages and the actual rates can be much higher or lower depending on the factors mentioned earlier[4].

Unfortunately, I couldn't find the most recent average rates for each practice area, as the available sources were either outdated or required purchase. However, given the rate increase trends mentioned above, it's reasonable to assume that the rates for each practice area have also risen since 2020.

Please note that these figures should be used as rough estimates and the actual rates may differ significantly based on many factors.

**[QUESTION:]** Before you used your browsing tool, what was the basis of your knowledge for the range of $200 to $500 per hour that an associate attorney with one to three years of experience at a law firm might charge for services that include litigating an Individuals with Disabilities Education Act (20 U.S.C. 1415) due process hearing in New York City?

ChatGPT

Before using the browsing tool, my knowledge was based on the training data I received, which includes a diverse range of sources up until September 2021. This data incorporates information from books, websites, and other texts that cover a wide array of topics, including legal fees.

However, it's important to note that the $200 to $500 range provided was a broad estimate based on general knowledge of typical attorney rates, and it was not specific to the context of an Individuals with Disabilities Education Act (IDEA) due process hearing in New York City. The actual rates can vary widely based on numerous factors, such as the attorney's experience, the complexity of the case, the prestige of the law firm, and the specific location within New York City.

In the case of IDEA due process hearings, it's also important to note that some families may qualify for free legal services through certain non-profit organizations or pro bono programs. Others may be able to recover attorney's fees if they prevail in the hearing, as provided by the IDEA law itself.

Therefore, while the $200 to $500 range could be seen as a general ballpark for attorney rates, the actual cost for this specific type of case in New York City could be different, and it would be best to consult directly with legal professionals or organizations in the area for the most accurate information.

**[QUESTION:]** What have been some reputable surveys that have reviewed attorneys' hourly rates?

ChatGPT

There are several reputable organizations that conduct regular surveys to review attorneys' hourly rates. Here are some of them:

1. **The National Law Journal**: This publication conducts an annual survey of law firms throughout the U.S., including analysis of billing rates.
2. **American Bar Association (ABA)**: The ABA periodically conducts research on lawyer demographics, including earnings and billable rates. They sometimes partner with other organizations for more specific surveys, such as their collaboration with the National Association for Law Placement on the NALP/ABA Employment Report & Salary Survey.
3. **Altman Weil**: This legal consultancy conducts an annual "Law Firms in Transition" survey, which includes information about billing rates and practices.
4. **Clio**: Clio is a legal technology company that provides practice management software. They conduct an annual "Legal Trends Report" that includes information on billing rates, among other things.
5. **Major, Lindsey & Africa**: This legal recruiting firm conducts a Partner Compensation Survey which includes information about billing rates.
6. **ALM Legal Intelligence**: ALM is a media company that focuses on the legal industry. They conduct various surveys on law firm economics and compensation.
7. **Thomson Reuters Peer Monitor**: This is a competitive intelligence and benchmarking platform for legal firms that offers comprehensive reports including data on billing rates.

Remember that these surveys often require a purchase to access the full reports, and specific data on hourly rates can be difficult to find for free. However, they usually provide some general findings to the public.

Also, keep in mind that the rates can vary greatly based on factors such as geographic location, area of law, years of experience, and the size and prestige of the law firm.

[QUESTION:] What about the Wolters Kluwer "Real Rate Report"?

ChatGPT

Yes, you're correct. The "Real Rate Report" by Wolters Kluwer is indeed a reputable source of information on attorney billing rates. The report utilizes actual invoice data contributed by corporate legal departments to provide insights into the real rates being charged by attorneys.

The "Real Rate Report" analyzes rates by law firm size, practice area, years of attorney experience, and geography, among other factors. This report can be particularly useful because it is based on data from actual invoices, which might provide a more accurate view of what clients are really paying as opposed to the standard or "rack" rates often cited in other reports.

Keep in mind that while the "Real Rate Report" is a valuable resource, accessing the full data typically requires a purchase or subscription. However, Wolters Kluwer usually provides some general findings and trends to the public.

**[QUESTION:]** Should I expect to pay more for an attorney who is listed with "Super Lawyers"?

ChatGPT

"Super Lawyers" is a rating service of outstanding lawyers from more than 70 practice areas who have attained a high degree of peer recognition and professional achievement. The selection process includes independent research, peer nominations, and peer evaluations.

Being listed as a "Super Lawyer" indicates that an attorney is highly regarded by their peers and has demonstrated excellence in their practice area. However, it doesn't necessarily mean that they will charge more than other lawyers. Rates charged by attorneys can depend on many factors, including:

- The complexity and nature of the case.
- The attorney's years of experience.
- The attorney's specialization.
- The location and the local market rate.
- The size and prestige of the law firm.

So while a "Super Lawyer" may command higher fees due to their proven competence and reputation, it's not a guarantee. It's also possible to find highly skilled attorneys who charge reasonable rates but may not be listed as a "Super Lawyer" for various reasons.

As always, when seeking legal representation, it's crucial to consider multiple factors, not just recognition or awards. You should also consider the attorney's experience with your type of case, their communication style, their availability, and their fee structure. Always discuss fees upfront and consider getting a written fee agreement to avoid any misunderstandings later on.

**[QUESTION:]** What would be a reasonable hourly rate for an associate attorney with seven years of experience at a law firm to charge for services that include litigating an Individuals with Disabilities Education Act (20 U.S.C. 1415) due process hearing in New York City?

ChatGPT

As an attorney gains more experience, their hourly rates typically increase to reflect their enhanced skills, knowledge, and value to clients. An associate attorney with seven years of experience would likely command a higher rate than one with just one to three years of experience.

Based on the previously mentioned general market knowledge and information obtained from various sources, a reasonable hourly rate for an associate attorney with seven years of experience in New York City might be in the range of $300 to $700. This range takes into account the higher cost of living and higher attorney fees typically found in New York City, as well as the specialized nature of the Individuals with Disabilities Education Act (20 U.S.C. 1415) litigation.

However, please note that this is a rough estimate and actual rates can vary significantly based on various factors such as:

- The complexity and nature of the case.
- The reputation and size of the law firm.
- The specific expertise of the attorney in the Individuals with Disabilities Education Act (20 U.S.C. 1415) and related matters.
- The prevailing market rates at the time the services are rendered.

For the most accurate information, I recommend contacting law firms or attorneys in New York City who specialize in this area. They should be able to provide a more precise quote based on the specifics of your case and their current fee structures.

**[QUESTION:]** What would be a reasonable hourly rate for an associate attorney with fifteen years of experience at a law firm to charge for services that include litigating an Individuals with Disabilities Education Act (20 U.S.C. 1415) due process hearing in New York City?

ChatGPT

An associate attorney with fifteen years of experience would typically be considered quite senior and would likely command a higher rate than an attorney with fewer years of experience. This is due to their extensive experience, deeper understanding of the legal system, potentially specialized knowledge in areas like the Individuals with Disabilities Education Act (20 U.S.C. 1415), and proven track record.

Considering the higher costs associated with living and practicing law in New York City, the specialized nature of this type of litigation, and the attorney's significant experience, a reasonable hourly rate might be in the range of $500 to $1,000. However, this is a rough estimate and actual rates could be higher or lower based on various factors, including:

- The complexity of the case.
- The reputation and size of the law firm.
- The specific expertise of the attorney in the Individuals with Disabilities Education Act (20 U.S.C. 1415) and related matters.
- The prevailing market rates at the time the services are rendered.

For the most accurate and current information, I recommend contacting law firms or attorneys in New York City who specialize in this area. They should be able to provide a more precise quote based on the specifics of your case and their current fee structures.

**[QUESTION:]** What would be a reasonable hourly rate for an attorney with twenty-five years of experience at a law firm to charge for services that include litigating an Individuals with Disabilities Education Act (20 U.S.C. 1415) due process hearing in New York City?

ChatGPT

An attorney with twenty-five years of experience would likely be a senior partner or a highly experienced counsel at a law firm. They would command a premium rate due to their extensive experience, in-depth knowledge, and potentially specialized expertise in areas like the Individuals with Disabilities Education Act (20 U.S.C. 1415).

Considering the high costs of practicing law in New York City, the specialized nature of this type of litigation, and the attorney's extensive experience, a reasonable hourly rate might be in the range of $600 to $1,200 or even more. However, this is a broad estimate and actual rates could be higher or lower based on various factors, including:

- The complexity of the case.
- The reputation and size of the law firm.
- The specific expertise of the attorney in the Individuals with Disabilities Education Act (20 U.S.C. 1415) and related matters.
- The prevailing market rates at the time the services are rendered.

Remember that senior partners at prestigious law firms in New York City have been known to charge over $1,000 per hour, particularly in high-stakes or highly complex matters.

For the most accurate and current information, it's best to contact law firms or attorneys in New York City who specialize in this area. They should be able to provide a more precise quote based on the specifics of your case and their current fee structures.

**[QUESTION:]** If an Individuals with Disabilities Education Act (20 U.S.C. 1415) case is in New York City and the attorney I am researching is from Auburn, New York, what rate should I expect to pay?

ChatGPT
Finished browsing

I attempted to find specific information about attorney rates in Auburn, New York, but unfortunately, I encountered some difficulties extracting the data from the sources available. This means I couldn't find an exact hourly rate for an attorney based in Auburn, New York.

However, it's important to note that rates can vary widely depending on many factors, including the lawyer's experience, the complexity of the case, the specific area of law, and the location of practice. While NYC rates tend to be higher due to the cost of living and the concentration of high-profile law firms, rates in other parts of the state like Auburn may be lower. However, if the attorney from Auburn is practicing in New York City for your case, they may adjust their rates accordingly.

For a more accurate estimate, you might want to directly contact law firms or attorneys in Auburn to inquire about their rates. It's also worth considering a consultation with a legal services organization or a local bar association, as they might be able to provide more region-specific information.

**[QUESTION:]** What are some factors that an attorney from Auburn, New York would encounter in handling an Individuals with Disabilities Education Act (20 U.S.C. 1415) case in New York City that would make them use a New York City fee structure?

ChatGPT

An attorney from Auburn, New York, taking on a case in New York City would likely consider several factors that could influence them to use a New York City fee structure:

1. **Cost of Living and Overhead Expenses:** The cost of living and doing business in NYC is significantly higher than in Auburn, NY. If the attorney has to travel to NYC frequently for the case, they may incur additional costs for travel, accommodation, meals, and other expenses. The attorney may need to rent office space or conference rooms in NYC for client meetings or depositions. These additional costs could be reflected in the attorney's fees.
2. **Case Complexity and Specialization:** The complexity of the case and the specialized knowledge required to handle Individuals with Disabilities Education Act (IDEA) cases could justify higher fees. If there are few attorneys in Auburn who specialize in this area, and the attorney has developed a reputation for handling such cases, they might charge a premium rate.
3. **Market Rates:** Attorneys typically set their fees based on what the market will bear. If the attorney is taking on cases in NYC, they might align their fees with those typically charged by NYC attorneys to remain competitive and consistent with local market expectations.
4. **Increased Time Commitment:** Traveling to and from NYC would require a significant time commitment from the attorney, which could limit their ability to take on other clients or cases. This lost opportunity could be factored into their fee structure.
5. **Legal and Regulatory Environment:** The legal and regulatory environment in NYC could be more complex and demanding than in Auburn, NY. Navigating this environment might require additional time and resources, which could be reflected in the attorney's fees.
6. **Client's Ability to Pay:** If the client is based in NYC and has the financial means to pay NYC rates, the attorney might choose to charge according to those rates. This factor is usually considered in light of the other factors mentioned above.

These are just some of the factors that an attorney might consider. Ultimately, the attorney would need to balance these considerations with ethical rules regarding fee setting and their duty to provide fair and reasonable rates to their clients.

**[QUESTION:]** How does the higher cost of living in New York City impact the rate of an attorney who is doing business from Auburn, New York in New York City, if the attorney does not need to rent office space in New York City?

ChatGPT

Even if the attorney from Auburn, NY doesn't need to rent office space in New York City, there are still several ways in which the higher cost of living could impact their rate:

1. **Travel Expenses:** Even if the attorney doesn't need to maintain a physical office in NYC, they will likely need to travel there regularly to meet with clients, attend court hearings, or conduct other case-related business. This can include costs for transportation (such as flights, trains, or driving expenses), lodging, meals, and other incidental expenses. These costs are typically much higher in NYC compared to Auburn, NY.
2. **Time Investment:** Travel to and from NYC also involves a significant time investment. The attorney's time is valuable, and the time spent travelling could be time they're not spending on other billable work. Therefore, the attorney might factor this into their hourly rate.
3. **Market Rates and Client Expectations:** If the attorney is working on a case in NYC, their client may be expecting to pay NYC rates. Attorneys often set their fees based on what the market will bear, and the market rate in NYC is generally higher than in Auburn, NY.
4. **Cost of Services and Resources:** The cost of other resources and services that the attorney might need to use in NYC could be higher. This can include things like process servers, court reporters, expert witnesses, or document delivery services.

It's important to remember that while these factors could lead the attorney to charge a higher rate, they must still provide fair and reasonable rates to their clients. The specifics of how much they increase their rate, if at all, would likely depend on the exact circumstances of the case and the attorney's own business practices.

**[QUESTION:]** What are some factors I should consider in determining the good or bad reputation of an attorney?

ChatGPT

Determining the reputation of an attorney can be a crucial step in your decision to hire them. Here are some factors you might consider:

1. **Experience and Specialization:** Does the attorney have experience in the specific area of law relevant to your case? For example, if you're dealing with an Individuals with Disabilities Education Act (IDEA) case, does the attorney have experience with these types of cases? Specialization can be a strong indicator of an attorney's competency in a particular area of law.

2. **Peer Reviews:** Peer reviews can provide a good indication of an attorney's reputation within the legal community. These can often be found in legal directories or on professional networking sites. Look for endorsements from other lawyers, especially those who specialize in the same area of law.
3. **Client Reviews:** Client reviews can offer insights into an attorney's communication skills, professionalism, and effectiveness. These can often be found online. However, remember to consider the context and take individual reviews with a grain of salt.
4. **Disciplinary Records:** Check to see if the attorney has any disciplinary records with the state bar association. An attorney with a history of disciplinary actions might be a red flag.
5. **Success Rate:** Although past success doesn't guarantee future outcomes, an attorney's track record can provide some indication of their skill and strategy.
6. **Communication and Responsiveness:** Pay attention to how the attorney communicates during your initial interactions. Are they responsive and clear in their communication? Do they take the time to understand your situation and answer your questions?
7. **Professional Recognition:** Has the attorney received any awards or recognition for their work? This could be from legal publications, professional organizations, or their peers.
8. **Conflicts of Interest:** Ensure the attorney does not have any conflicts of interest with your case.
9. **Fees and Billing:** Is the attorney transparent about their fees and billing practices? A good attorney should provide a clear explanation of their fee structure and be willing to discuss it with you.

Remember, a good reputation is just one factor to consider when choosing an attorney. It's important to also consider your comfort level with the attorney, their style of communication, and your confidence in their ability to represent your interests effectively.

**[QUESTION:]** How can I decide whether my Individuals with Disabilities Education Act (20 U.S.C. 1415) case is complex?

ChatGPT

Determining the complexity of an Individuals with Disabilities Education Act (IDEA) case can depend on several factors. Here are some considerations that might signal a more complex case:

1. **Dispute over Diagnosis or Evaluation:** If there's disagreement over the child's diagnosis or if the school's evaluation is being disputed, this can complicate the case. This might involve the need for independent educational evaluations or expert witnesses.
2. **Multiple or Severe Disabilities:** If the child has multiple disabilities or a severe disability, this can increase case complexity. The needs of the child may be more difficult to address and the appropriate educational setting more difficult to determine.
3. **Need for Specialized Services:** If the child requires specialized services such as speech therapy, occupational therapy, physical therapy, or mental health services, coordinating these services can add complexity.

4. **Disagreement over the Least Restrictive Environment:** IDEA mandates that children be educated in the least restrictive environment appropriate for their needs. If there's disagreement over what this environment should be, the case can become more complex.
5. **Transition Planning:** For older students, planning for the transition to post-secondary education, employment, or independent living can complicate a case.
6. **Involvement of Multiple Agencies:** In some cases, multiple agencies may be involved in providing services to the child, which can complicate coordination and communication.
7. **History of Litigation or Conflict:** If there's a history of conflict between the parents and the school, or if previous attempts to resolve disputes have failed or led to litigation, the case may be more complex.
8. **Requests for Reimbursement:** If parents are seeking reimbursement for private school tuition or other expenses because they believe the public school failed to provide a free appropriate public education (FAPE), this can add a layer of complexity to the case.

It's a good idea to consult with an attorney or advocate who specializes in special education law to help assess the complexity of your case. They can provide guidance tailored to your specific situation and help determine the best course of action.

**[QUESTION:]** What are complications that might arise in a seemingly straightforward Individuals with Disabilities Education Act (20 U.S.C. 1415) case that would make it more complex?

ChatGPT

Even straightforward Individuals with Disabilities Education Act (IDEA) cases can become complex due to a variety of factors:

1. **Changing Needs of the Child**: Children's needs can change over time, especially as they develop and grow. What may initially seem like a straightforward case can become more complex as these changes occur and the educational plan needs to be adjusted accordingly.
2. **Disputes over Services or Placement**: Even when there is agreement on the child's disability, there can be disputes over the specific services the child needs or where those services should be provided. This could involve disagreements over inclusion in regular classrooms, specific teaching methodologies, or use of assistive technology, among other issues.
3. **Noncompliance with the IEP**: Sometimes, schools don't fully implement the agreed-upon Individualized Education Program (IEP). This can lead to disputes about whether the school is meeting its obligations, which can complicate the case.
4. **Inadequate Progress**: If the child is not making adequate progress despite implementation of the IEP, figuring out the reasons can be complex. It might involve re-evaluations, changes in services, or disputes over what constitutes "adequate progress."
5. **Disciplinary Issues**: If a child with an IEP is facing disciplinary action, such as suspension or expulsion, this can add a layer of complexity. The law provides certain protections for students with disabilities in disciplinary situations, and navigating these protections can be complex.

6. **Changes in Law or Policy**: Changes in special education law or policy at the local, state, or federal level can impact a case and add to its complexity.
7. **Bureaucratic Delays**: Sometimes, cases become more complex simply due to bureaucratic delays or administrative hurdles within the school or school district.

Remember, it's always advisable to seek professional advice when dealing with IDEA cases. An attorney or advocate who specializes in special education law can help navigate these complexities and ensure the child's rights are protected.

**[QUESTION:]** What if the school district is not telling my attorney or me what it disputes in my Individuals with Disabilities Education Act (20 U.S.C. 1415) case until the day of hearing?

ChatGPT

The IDEA requires that schools provide parents with a "prior written notice" whenever they propose to initiate or change, or refuse to initiate or change, the identification, evaluation, or educational placement of a child, or the provision of a free appropriate public education (FAPE) to the child. This notice must include an explanation of why the agency proposes or refuses to take action, a description of any other options that the agency considered and the reasons why those options were rejected, a description of each evaluation procedure, test, record, or report the agency used as a basis for the proposed or refused action, and a description of any other factors relevant to the agency's proposal or refusal.

This process is intended to ensure that parents are fully informed and have the opportunity to challenge a school's decisions. If a school district is withholding information about what it disputes in your IDEA case until the day of the hearing, it may be violating these procedural requirements.

If this is happening, it's important to consult with your attorney. They may be able to file a motion with the hearing officer to require the school to provide this information in advance of the hearing, or they may be able to argue that the school's failure to provide this information is a violation of your child's rights under the IDEA.

In some cases, a procedural violation of the IDEA can be serious enough to constitute a denial of FAPE, which can provide a basis for a complaint or lawsuit against the school district. Your attorney can provide advice about whether this might be the case in your situation.

**[QUESTION:]** If I have an attorney who already filed a due process complaint and the school district did not participate in a resolution meeting or mediation and the school district also does not tell my attorney or me whether it disputes the appropriateness of my unilateral placement or the equities of the placement until the Individuals with Disabilities Education Act (20 U.S.C. 1415) due process hearing, how will that impact on the amount of work that my attorney needs to do?

ChatGPT

In such a situation, the amount of work your attorney would need to undertake may increase. Here's why:

1. **Preparation for Multiple Scenarios**: Without knowing the school district's specific objections, your attorney would need to prepare for a range of possible disputes. This could involve developing arguments and gathering evidence to support multiple aspects of your case, which can be more time-consuming than if the school's position were known in advance.
2. **Additional Motions or Legal Actions**: If the school district is not participating in required processes or is not providing information as required under the IDEA, your attorney might need to file additional motions or take other legal actions to compel participation or disclosure. This could involve drafting and filing legal documents, arguing these issues before the hearing officer, and possibly dealing with appeals or other responses from the school district.
3. **Prolonged Proceedings**: The lack of clarity on the school district's position could lead to a longer hearing, as issues that might have been addressed in advance are instead litigated during the hearing. This could increase the time your attorney needs to spend on the hearing itself, as well as preparation and follow-up work.
4. **Post-Hearing Work**: Depending on the outcome of the hearing, additional work may be required post-hearing. This could involve negotiating a resolution with the school district, enforcing the hearing officer's orders, or possibly appealing the decision if it is not favorable.

While the additional work would likely increase your attorney's fees, it's important to keep in mind that if you are successful in your due process hearing, you may be able to recover attorneys' fees from the school district under the IDEA.

In any event, it's important to have clear communication with your attorney about these issues. They should be able to explain how the school district's actions are impacting their work and how this might affect their fees.

**[QUESTION:]** How do I know whether or not I am a reasonable paying client?

ChatGPT

Determining whether you're a reasonable paying client can be a bit subjective, as it depends on several factors. Here are a few things to consider:

1. **Ability to Pay**: Most simply, being a reasonable paying client means that you have the financial resources to pay your attorney's fees promptly and in full. If an attorney's hourly rate is $300, for example, and you have a complex case that requires 20 hours of work, you'd need to be prepared to pay $6,000 (not including any additional costs or fees).
2. **Understanding of Rates**: Attorneys typically charge for their time either on an hourly basis or on a flat-fee basis, depending on the type of case. It's important to understand

    how your attorney charges and what the rates are before you agree to their services. Reasonable clients understand these rates and agree to them upfront.

3. **Respect for Time**: Attorneys charge for their time because that's essentially what they're selling. Being respectful of your attorney's time (e.g., by showing up for appointments on time, being prepared with all necessary documents, and not making unnecessary calls or emails) is a hallmark of a reasonable client.
4. **Communication**: Good clients communicate effectively. They are clear about their expectations and objectives, and they provide all the information the attorney needs to effectively represent them. Good communication can also prevent misunderstandings about fees and billing.
5. **Understanding of Legal Process**: Reasonable clients understand that the legal process can be long and complicated, and that outcomes are not guaranteed. They don't blame their attorneys for unfavorable outcomes that are beyond the attorney's control.
6. **Realistic Expectations**: It's important to have realistic expectations about what an attorney can do for you. They should be able to guide you through the legal process, advocate for your interests, and help you understand your legal options. However, they cannot guarantee specific outcomes.

Remember, an attorney-client relationship is a two-way street, and both parties should be respectful and understanding of the other's needs and limitations. If you feel uncertain about any aspect of this relationship, it's always a good idea to have a conversation with your attorney to clarify expectations.

**[QUESTION:]** If I have to rely on the fee-shifting provision of the Individuals with Disabilities Education Act (20 U.S.C. 1415) because I cannot afford to pay my own legal fees, how do I know whether the rate that I negotiate with my attorney is reasonable in the event I become a prevailing party and the school district ends up owing fees?

ChatGPT

The reasonableness of attorney's fees in the context of a fee-shifting provision, like the one in the Individuals with Disabilities Education Act (IDEA, 20 U.S.C. § 1415), is often determined by a number of factors. Here are a few things to consider:

1. **Prevailing Market Rates**: The rate should be in line with what other attorneys in the same geographic area with similar levels of experience and expertise charge for similar work. You already did some research into the prevailing rates for attorneys in New York City, which should be helpful here.
2. **Complexity and Novelty of the Case**: If your case involves complex or novel legal issues that require a high degree of skill or specialized knowledge, a higher fee may be justified.
3. **The Results Achieved**: If your attorney achieves a very favorable outcome, that might justify a higher fee. But remember, the opposite could also be true - a less favorable outcome might make a lower fee more appropriate.

4. **The Time and Labor Required**: The amount of time and effort your attorney puts into your case is a major factor in determining the reasonableness of the fee. The more time and labor the case requires, the higher the fee may be.
5. **The Experience, Reputation, and Ability of the Attorney**: More experienced attorneys, or those with a strong reputation or particular expertise in special education law, might command higher fees.

In the event that you become a prevailing party and the school district ends up owing fees, the court will look at these factors (and possibly others) to determine whether the fee is reasonable. It's important to discuss this with your attorney upfront and to include in your fee agreement how fees will be handled in the event of a fee shift. The attorney should be able to provide some guidance on what the courts in your jurisdiction typically consider to be reasonable in these situations.

**[QUESTION:]** If the school district protracts the proceedings where I am a prevailing party, should I expect the court to still reduce the fees that the school district owes under the fee-shifting provision of the Individuals with Disabilities Education Act (20 U.S.C. 1415)?

ChatGPT

The Individuals with Disabilities Education Act (IDEA, 20 U.S.C. § 1415) includes a provision for the award of attorney's fees to the prevailing party in certain circumstances. The goal of this provision is to ensure that the costs of legal representation do not prevent parents from asserting and vindicating their children's rights under the law.

If the school district unnecessarily protracts the proceedings, it could potentially result in a higher fee award. Courts generally recognize that the time and effort required from the attorney is a major factor in determining the reasonableness of a fee. Therefore, if the school district's actions cause the attorney to spend more time on the case, this could justify a larger fee.

However, it's important to note that the decision about the amount of the fee award is ultimately up to the court, which will consider a variety of factors in making its determination. These factors can include the complexity of the case, the results achieved, the experience and skill of the attorney, and the prevailing rates for similar services in the community, among others.

While it's possible that a court could reduce the fees that the school district owes, this would typically only happen if the court finds that the requested fees are not reasonable in light of the work performed and the other factors mentioned above.

In conclusion, while the school district's actions in protracting the proceedings could potentially result in a higher fee award, it is not a guarantee. The court will consider a variety of factors, including the reasonableness of the fees given the time and work put into the case. It would be prudent to consult with your attorney about this issue as they would have a better understanding of how local courts typically handle these matters.